UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS A LOHSTRETER,
    Plaintiff,

v.                                                              Case No. 3:23cv24026/MCR/ZCB

GARY ENGLISH, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Motion for Preliminary Injunction and Motion for Temporary Restraining Order" (Doc. 7). In the motion, Plaintiff seeks an order directing Defendants "to continue the Plaintiff's medical treatment" and prohibit them from transferring Plaintiff to a different institution until after he completes his medical treatment and physical therapy. (*Id.* at 2). For the reasons below, Plaintiff's motion should be denied.

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be resolved. *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). When considering a request for a preliminary injunction, a court is required to

1

consider whether: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). Additionally, the Prisoner Litigation Reform Act (PLRA) prevents the Court from issuing an injunction unless the relief requested "is narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

At this early stage of the litigation, Plaintiff has yet to identify any objective evidence establishing that the actions of which he complains in his complaint violated his constitutional rights. *See Skinner v. Sproul*, No. 1:14cv174, 2015 WL 196191, at *10 (M.D. Ga. Jan. 14, 2015) (denying the plaintiff's motion for preliminary injunction because the case was at the screening stage and the plaintiff had failed to "identify any objective evidence that the actions about which he complains violated his constitutional rights"). Nor has Plaintiff shown a substantial likelihood

2

of irreparable injury if the injunction is not granted because his threats of future injury are too speculative—Plaintiff's complaint affirms that he is currently at his desired institution, "under doctors' care and awaiting surgery." (Doc. 7 at 1). Plaintiff has only speculated that his medical treatment could cease in the future, and that according to alleged institutional policy, he may be transferred. Plaintiff has offered no facts or evidence that he is currently facing or substantially likely to face transfer to a different institution. Nor has he pled facts that indicate a threat that there is an imminent risk that his medical treatment will not continue.

Plaintiff's speculative and conclusory allegations are insufficient to establish a substantial likelihood of irreparable injury. *See Bruce v. Reese*, 431 F. App'x 805, 807 (11th Cir. 2011) (affirming the denial of a preliminary injunction when the inmate did not provide any facts indicating that he would suffer further injury); *Knop v. Gordy*, No. 5:16cv1356, 2017 WL 5078056, at *10 (N.D. Ala. July 20, 2017) (denying a preliminary injunction because the prisoner-plaintiff failed to present "specific facts which demonstrate[d] he face[d] real, immediate, and irreparable injury").

Additionally, consideration of the balance of potential harm to the parties weighs more heavily in favor of Defendants as the issuance of an injunction prohibiting Plaintiff from being transferred could adversely impact the ability of prison personnel to exercise their professional judgment in determining an inmate's institutional assignment and custody level. *See Miceli v. McDonough*, No. 4:07cv480, 2008 WL 783578, at *3 (N.D. Fla. Mar. 19, 2008) (holding that prisoners have "no right to remain at a particular prison or to prevent [a] transfer to a specific prison" nor to "a particular custody level," because "[t]hose are issues relegated to the discretion of prison officials"). Similarly, the determination of the duration of Plaintiff's medical treatment appears to be a matter of medical judgment best left to medical professionals. *See, e.g., D'Amico v. Montoya*, No. 4:15cv127, 2017 WL 4416610, at *10 (N.D. Fla. Aug. 30, 2017) (determining that the decision to continue or discontinue treatment was a matter of medical judgment).

The fourth factor, whether the injunction would serve the public interest, "is, at best, a neutral factor at this juncture." *See Turner v. Ratcliffe*, No. 2:19cv852, 2019 WL 7372758, at *1 (M.D. Ala. Dec. 11, 2019).

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Preliminary Injunction and Motion for Temporary Restraining Order" (Doc. 7) be **DENIED.**

At Pensacola, Florida this 19th day of October 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.