UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS A LOHSTRETER,
    Plaintiff,

v.                                                Case No. 3:23cv24026/MCR/ZCB

GARY ENGLISH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Motion for Preliminary Injunction" (Doc 44) and "Motion to Appoint Counsel" (Doc. 45). These motions have been referred to the undersigned for the preparation of a report and recommendation. (Doc. 46). For the reasons below, Plaintiff's motions should be denied.

### I.    Motion for Preliminary Injunction

In Plaintiff's motion for preliminary injunction, he claims he is currently under a doctor's care and is awaiting surgery. Plaintiff alleges Blackwater River Correctional Facility has a "policy and custom to transfer an inmate who filed a civil complaint and/or grievances against this facility." (Doc. 44 at 1). Plaintiff seeks an order preventing

1

Blackwater River employees from transferring him in retaliation for this lawsuit. (*Id.*).

Plaintiff's motion should be denied for several reasons. First, Plaintiff's motion should be denied because it is based on events that are not closely related to the matters set forth in his complaint. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the underlying lawsuit can be resolved. *See All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) ("Preliminary injunctions are issued when drastic relief is necessary to preserve the status quo."). This means that the relief sought in the motion for a preliminary injunction must be closely related to the conduct complained of in the actual complaint. *Richardson v. Beck*, No. 3:18cv2004, 2020 WL 3847839, at *1 (N.D. Fla. June 8, 2020), *adopted by* 2020 WL 3839807 (N.D. Fla. July 7, 2020).

Plaintiff's complaint involves a failure to intervene/protect and deliberate indifference to a serious medical need claim. Plaintiff's complaint does not allege a retaliation claim. Indeed, the events Plaintiff complains of in his motion for a preliminary injunction occurred after the

2

events at issue in the complaint. Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in his complaint, his motion should be denied. *See, e.g.*, *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), *adopted by*, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Even if Plaintiff believes Blackwater River's staff members' alleged actions described in his motion were taken in retaliation for filing this lawsuit, that does not make the claims closely related. *Davis v. Daniels*, No. 3:20cv5935, 2022 WL 1205329, at *2 (N.D. Fla. Feb. 8, 2022), *adopted by*, 2022 WL 1204100 (N.D. Fla. Apr. 22, 2022); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion for a preliminary injunction not closely related where "the only connections between the underlying lawsuit and the motion for a preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs

believe the defendants are retaliating against them because of the underlying lawsuit"). Because Plaintiff's motion for a preliminary injunction is not based on matters set forth in the complaint, his motion should be denied. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *see also Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), *adopted by*, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Second, Plaintiff does not seek injunctive relief in his complaint. He seeks only monetary relief. Thus, this Court lacks authority to enter a preliminary injunction because Plaintiff only asks for damages in the underlying litigation. *See Noventa Ocho LLC v. PBD Properties LLC*, 284 F. App'x 726, 727-28 (11th Cir. 2008); *see also Schwartz v. United States Dep't of Justice*, No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks

4

intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.") (cleaned up).

Third, to the extent Plaintiff seeks a preliminary injunction against non-parties, the Court lacks jurisdiction to grant such relief. Courts "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (internal quotation marks omitted). In his motion, Plaintiff complains of actions taken by unnamed Blackwater River employees. The Court cannot restrain or enjoin Blackwater River employees who are not parties to this action. *See Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked subject matter jurisdiction to grant an injunction against a non-party); *see also In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming that the district court lacked subject matter jurisdiction to issue a preliminary injunction against a non-party). Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

5

## II.   Motion to Appoint Counsel

It is well established that "[a] civil litigant . . . has no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by "exceptional circumstances."  *Id.*; *see also Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating the district court "should appoint counsel only in exceptional circumstances").  The Eleventh Circuit has instructed courts to consider the following factors when deciding if exceptional circumstances exist:  "(1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination." *Burgess v. Bradshaw*, 626 F. App'x 257, 259 (11th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Plaintiff presents no exceptional circumstances that warrant the appointment of counsel at this time.  Indeed, there is a pending report

and recommendation recommending the dismissal of his case for failure to exhaust his administrative remedies. (Doc. 43). But even if Plaintiff's case is not dismissed, he is not entitled to counsel at this time.

Plaintiff alleges in his complaint that staff at Blackwater River failed to protect him from an attack by another inmate, had a policy and custom of condoning inmate on inmate violence, and were deliberately indifferent to his serious medical need. (Doc. 43). Looking to the factors above, this is not a complex case. It involves a relatively small number of potential witnesses and should not require the examination and analysis of large quantities of documents. Additionally, Plaintiff's legal claim is relatively straightforward and does not involve novel or particularly sophisticated legal theories. Furthermore, the pleadings filed thus far by Plaintiff suggest he has an ability to communicate his allegations as well as that of the average *pro se* litigant. Additionally, there is no reason to believe Plaintiff is not in a position to adequately investigate the case himself.

Although Plaintiff claims his prisoner status prohibits him from adequately investigating the case himself, Plaintiff's incarceration is not an extraordinary circumstance warranting the appointment of counsel.

Prisoners litigate *pro se* cases on a regular basis in this Court. Similarly, Plaintiff's limited access to the law library is not an extraordinary circumstance. It too is a common occurrence in cases filed by inmates. *See generally Davis v. Stewart*, No. 19-1126, 2020 WL 5580894, at *2 (S.D. Ala. Aug. 7, 2020) (recognizing that "[d]elaying or restricting inmates' access to legal materials or legal assistance is permissible because of security or other penological concerns"). Finally, this case has not progressed past the dispositive motions stage, so there is no basis to conclude that skill in the presentation of evidence and cross-examining witnesses is or will be necessary. For these reasons, Plaintiff's motion for appointment of counsel lacks merit.

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's "Motion for Preliminary Injunction" (Doc. 44) be **DENIED.**

2. Plaintiff's "Motion to Appoint Counsel" (Doc. 45) be **DENIED** without prejudice.

At Pensacola, Florida this 17th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.